IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RESHAWN M. LUNSFORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00079 |
| DAVIDSON COUNTY SHERIFF OFFICE et al., | ) ) ) ) | JUDGE RICHARDSON |
| Defendants | ) | |

## MEMORANDUM OPINION

Plaintiff Reshawn M. Lunsford, proceeding *pro se*, brings this civil complaint asserting claims for violations of his federal civil rights by various correctional officers at the Davidson County Sheriff's Office. Because Plaintiff proceeds *in forma pauperis*, the complaint is before the court for an initial review.

I. **Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II.     Factual Allegations

Plaintiff states that, on September 18, 2018, he was being booked into the Davidson County Jail. He alleges that he was attacked without provocation by several correctional officers, slammed to the ground, kicked in the eye, and sprayed with pepper spray while he was already in leg irons and hand cuffs. He was told that "additional charges would be added," but no charges based on this incident were brought against him. As a result of the alleged assault, Plaintiff sustained a black eye, a "deep bone bruise," and burns from the pepper spray.

Based on these allegations, he claims that he was subjected to the use of excessive force in violation of his constitutional rights and denied medical treatment as well. He seeks damages arising from his injuries, including compensation for pain and suffering. Besides naming the Davidson County Sheriff's Office, Plaintiff identifies as defendants five correctional officers he claims were involved in the incident: Corrice Thompson, Jorge Torres, Marvin Ramsey, Scott Satterlee, and Kimetha Jones.

## III.    Discussion

Plaintiff does not identify the basis for this Court's jurisdiction, but the Court understands

Plaintiff's claims to be brought under 42 U.S.C. § 1983, based on the alleged use of excessive force by Thompson, Torres, Ramsey, Satterlee, and Jones.

In order to state a claim under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

Thompson, Torres, Ramsey, Satterlee, and Jones, as correctional officers employed by the Davidson County Sheriff's Office, are state actors. *See, e.g.*, *Cochran v. Gilliam*, 656 F.3d 300, 305 (6th Cir. 2011) (recognizing that sheriff's deputies are state actors). They are alleged to have used excessive force in responding to an incident involving Plaintiff while he was in custody. These allegations implicate Plaintiff's rights under either the Eighth or Fourteenth Amendment to the United States Constitution, depending upon his status as a prisoner or pretrial detainee at the time the incident occurred. Accepting as true Plaintiff's allegations, as the Court must in conducting this initial review, the Court finds that Plaintiff has alleged facts that, if true, suggest that the beating he received while in custody was unnecessary and in excess of that justified by the circumstances. The complaint states colorable claims against Defendants Thompson, Torres, Ramsey, Satterlee, and Jones under 42 U.S.C. § 1983.

The next question is whether the complaint states a claim against the Davidson County Sheriff's Office. The Sheriff's Office is a division of the Metropolitan Government of Nashville and Davidson County ("Metro"), but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department on the basis that it was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.

1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983). On this basis alone, the claims against the Davidson County Sheriff's Office must be dismissed.

Even if the Court broadly construes the complaint as asserting claims against Metro, rather than the Sheriff's Office, they would still be subject to dismissal. While a municipality is considered a "state actor" subject to suit under 42 U.S.C. § 1983, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted). In this case, Plaintiff has not attempted to identify a policy or show how he was injured as the result of the execution of any such policy. He fails to state a claim against Metro or the Sheriff's Department.

## IV. Conclusion

The claims against the Davidson County Sheriff's Office will be dismissed, but the claims against Corrice Thompson, Jorge Torres, Marvin Ramsey, Scott Satterlee, and Kimetha Jones will be permitted to proceed. An appropriate order is filed herewith.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE