UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RESHAWN M. LUNSFORD,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIDSON COUNTY SHERIFF'S OFFICE,<br>et al.,<br><br>    Defendants. | Case No. 3:19-cv-00079<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

In this civil rights action, pro se and *in forma pauperis* Plaintiff Reshawn M. Lunsford brings excessive force claims under 42 U.S.C. § 1983 arising out of an alleged assault that took place while he was being booked into the Davidson County Jail. (Doc. No. 1.) Defendants Officers Marvin Ramsey and Kimetha Jones have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that qualified immunity protects them from Lunsford's claims. (Doc. Nos. 10, 11.) The other defendants have answered Lunsford's complaint. (Doc. Nos. 7–9.) All defendants have filed a motion to stay discovery pending resolution of Ramsey and Jones's motion to dismiss. (Doc. No. 21.)

Lunsford did not respond directly to the motion to stay and instead filed a motion to compel discovery. (Doc. No. 27.) Lunsford has also filed a motion for summary judgment that is not accompanied by a memorandum of law or a statement of undisputed material facts. (Doc. No. 20.) For the following reasons, the defendants' motion to stay discovery will be granted; Lunsford's motion to compel discovery will be found moot; and Lunsford's motion for summary judgment

will be administratively terminated without prejudice to refiling in compliance with the Court's Local Rules.

I. **Background**

Lunsford filed this action on January 15, 2019, against the Davidson County Sheriff's Office and Davidson County Jail Officers Ramsey, Jones, Corrice Thompson, Jorge Torres, and Scott Satterlee. (Doc. No. 1.) According to the allegations of Lunsford's complaint, which the Court assumes to be true at this phase of the litigation, Lunsford was booked into the Davidson County Jail on September 18, 2018. (*Id.*) During booking, Lunsford's blood pressure registered as "extremely high" and he demanded to be taken to the hospital. (*Id.* at PageID# 7.) Thompson told Lunsford not to yell and threatened to put him in segregation. (*Id.*) Lunsford objected that he was merely expressing concern about his health. (*Id.*) Thompson pushed Lunsford against a wall and ordered him to remove his shoes. (*Id.*) Torres then blindsided Lunsford, slamming him headfirst into the ground and kicking him in the eye. (*Id.*) While Lunsford was in handcuffs and leg irons and pinned down by Torres, Satterlee discharged pepper spray less than an inch from Lunsford's face, spraying Lunsford's eyes, nose, and mouth. (*Id.*) Lunsford was then placed in a holding cell. (*Id.*) Lunsford alleges that Ramsey and Jones were involved in the assault, but he does not know what role they played. (Doc. No. 1.) Lunsford suffered a black eye, a deep bruise to his left eye socket, and chemical burns in his nose and mouth. (*Id.*) He seeks $500,000.00 in damages. (*Id.*)

The Court granted Lunsford's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 5.) The Court dismissed Lunsford's claim against the Davidson County Sheriff's Office but found that he had stated colorable claims under 42 U.S.C. § 1983 against the other defendants for excessive use of force. (Doc. Nos. 4, 5.) On March 6, 2019, Satterlee, Thompson, and Torres answered the complaint (Doc. Nos. 7–9).

*The Defendants' Motion to Stay Discovery*. Defendants Ramsey and Jones have filed a motion to dismiss under Rule 12(b)(6), arguing that they are entitled to qualified immunity because Lunsford's allegations that they were involved in the incident, without more, is not enough to show that they violated Lunsford's constitutional rights (Doc. Nos. 10, 11). All defendants have filed a motion to stay discovery pending the Court's resolution of that qualified immunity issue claim. (Doc. Nos. 21, 22.) Lunsford has not responded to the motion to stay.

*Lunsford's Motion for Summary Judgment*. Lunsford has filed a motion for summary judgment, which also reiterates the allegations of his complaint. (Doc. No. 20.) That motion does not contain any citation of legal authority and is not accompanied by a statement of undisputed material facts. The defendants responded in opposition to Lunsford's motion, arguing that Lunsford failed to comply with the Court's Local Rules concerning summary judgment motions and that his motion is premature. (Doc. No. 24.)

*Lunsford's Motion to Compel Discovery*. Lunsford has also filed a motion to compel discovery asking the Court to order the defendants to produce responses to unspecified written questions and surveillance video footage of the September 18, 2018 incident, which, Lunsford claims, are "critical to prove [his] case." (Doc. No. 27, PageID# 117.) The defendants responded in opposition, arguing that the motion should be denied as premature because their time to respond to Lunsford's discovery requests had not expired when it was filed.[1] (Doc. No. 28.) The defendants further argue that, for the reasons stated in their motion to stay discovery, they should not have to respond to Lunsford's discovery requests until after the Court rules on Ramsey and Jones's motion to dismiss. (*Id.*)

---

[1] The defendants also state that they asked Lunsford to agree to an extension of the discovery response deadline to June 1, 2019. (Doc. No. 28.) It is not clear from the parties' filings whether Lunsford responded to that request.

3

## II. The Defendants' Motion to Stay Discovery

The defendants ask the Court to stay discovery pending resolution of the qualified immunity issue in Ramsey and Jones's motion to dismiss. (Doc. No. 22.) Qualified immunity protects government officials performing discretionary functions from liability for damages unless their conduct violates clearly established rights. *Quigley v. Thai*, 707 F.3d 675, 680 (6th Cir. 2013). The doctrine reflects a compromise between "'two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Richko v. Wayne Cty.*, 819 F.3d 907, 914 (6th Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). Accordingly, "[q]ualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery." *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009); *see also Pearson*, 555 U.S. at 231–32 (explaining "that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims against government officials [will] be resolved prior to discovery'" (alteration in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987))).

To that end, it is well established that "questions of qualified immunity should be resolved 'at the earliest possible stage in litigation,'" *Everson*, 556 F.3d at 492 (quoting *Pearson*, 555 U.S. at 232), which is often before discovery begins, *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant

pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Daugherty v. Campbell*, 935 F.2d 780, 783 (6th Cir. 1991) (same). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined[,]" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)), and courts regularly exercise that discretion to stay discovery pending resolution of a dispositive motion that asserts qualified immunity, *see Moore v. Morgan*, No. 1:16-cv-655, 2017 WL 6278962, at *2 (S.D. Ohio Dec. 8, 2017) (finding that "a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, 'which would be substantially vitiated absent a stay . . .'" (quoting *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010))); *Cross v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:12-cv-1109, 2013 WL 1752535, at *3–5 (M.D. Tenn. Apr. 23, 2013) (recommending that defendant's motion to stay discovery be granted where he had asserted qualified immunity in motion to dismiss); *Farah v. Wellington*, No. 4:06 CV 1481, 2006 WL 2233216, at *2 (N.D. Ohio Aug. 3, 2006) (staying discovery except where necessary to resolve the issue of qualified immunity that defendants raised in their motion for summary judgment).

The defendants' motion to stay discovery will be granted. Although the court may allow discovery if it is needed to resolve the issue of qualified immunity, *see, e.g.*, *English v. Dyke*, 23 F.3d 1086, 1091 (6th Cir. 1994), Lunsford has not alleged that he requires discovery to respond to Ramsey and Jones's motion to dismiss; in fact, he has already responded to that motion in the absence of discovery. (Doc. No. 23.) Nor has Lunsford responded to the defendants' argument that discovery should be stayed as to all defendants, including those who have not moved to dismiss on the grounds of qualified immunity. The defendants argue that, in the absence of a complete

stay, Ramsey and Jones would be forced to choose between monitoring the progress of discovery with respect to the other defendants—which would effectively entail "losing the benefit of qualified immunity"—and potentially prejudicing themselves by ignoring discovery. (Doc. No. 22, PageID# 95.) That is not a choice that Ramsey and Jones should have to make. All discovery will be stayed pending the Court's resolution of Ramsey and Jones's motion to dismiss. *See Ashcroft*, 556 U.S. at 685 (explaining that petitioners asserting qualified immunity would not be free from the burdens of discovery if discovery were stayed with respect to them but allowed to proceed against other defendants because "it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position").

In light of that finding, Lunsford's motion to compel discovery (Doc. No. 27) will be found moot.

### III. Lunsford's Motion for Summary Judgment

Under Local Rule 7.01(a)(2), "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities[.]" M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum). Local Rule 56.01 governs motions for summary judgment and provides that any such motion "must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). Local Rule 56.01(b) exists "'to prevent parties from unfairly shifting the burdens of litigation to the court[,]'" *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916 (M.D. Tenn. 2017) (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)), and to ensure that a party facing a motion for summary judgment has adequate notice of and an opportunity to respond to

the movant's claim that certain facts are undisputed. "Each fact must be set forth in a separate, numbered paragraph . . . [and] be supported by specific citation to the record." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). The movant must insert the word "response" after each numbered paragraph and allow the nonmoving party "sufficient space to respond to the assertion that the fact is undisputed." *Id.* "The requirement that a statement of undisputed material facts in the described format must accompany any motion for summary judgment applies to *pro se* parties[,]" although pro se litigants do not have to provide a copy of the statement of undisputed material facts in an editable electronic format. *Id.*; *see also Matthews*, 286 F. Supp. 3d at 915 (finding that "'it is incumbent upon litigants, even those proceeding *pro se*, to follow the . . . rules of procedure,' and this includes 'local and state court rules'" (quoting *Fields v. Cty. of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000))).

As the defendants argue, Lunsford's motion for summary judgment is not accompanied by a memorandum of law or a statement of undisputed facts and thus is not properly before the Court. Accordingly, Lunsford's motion for summary judgment will be administratively terminated without prejudice to refiling in compliance with the Court's Local Rules.

**IV.  Conclusion**

For the foregoing reasons, the defendants' motion to stay discovery pending resolution of Ramsey and Jones's motion to dismiss (Doc. No. 21) is GRANTED, and Lunsford's motion to compel (Doc. No. 27) is FOUND MOOT. The Clerk's Office is DIRECTED to ADMINISTRATIVELY TERMINATE Lunsford's motion for summary judgment (Doc. No. 20) without prejudice to refiling in compliance with the Court's Local Rules. The Magistrate Judge will address Ramsey and Jones's motion to dismiss separately.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge