UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RESHAWN M. LUNSFORD, | |
| Plaintiff, | Case No. 3:19-cv-00079 |
| v. | Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

To: The Honorable Eli J. Richardson, District Judge

## **REPORT AND RECOMMENDATION**

In this civil rights action, pro se and *in forma pauperis* Plaintiff Reshawn M. Lunsford brings excessive force claims under 42 U.S.C. § 1983 arising out of an alleged assault that took place while he was being booked into the Davidson County Jail. (Doc. No. 1.) Defendant Officers Marvin Ramsey and Kimetha Jones have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that qualified immunity protects them from Lunsford's claims. (Doc. Nos. 10, 11.) Lunsford responded in opposition (Doc. No. 23), and Ramsey and Jones filed a reply (Doc. No. 26). Because Lunsford has not adequately alleged that Ramsey or Jones was personally involved in the assault, the motion to dismiss should be granted.

## I.   Background

### A.   Factual History

The following facts are drawn from the allegations of Lunsford's complaint (Doc. No. 1), which are taken as true for the purpose of ruling on Ramsey and Jones's motion to dismiss, and from court records in Lunsford's related action, *Lunsford v. City of Goodlettsville*, 3:19-cv-00082

(M.D. Tenn. Jan. 16, 2019), which stems from an altercation between Lunsford and several police officers that led to Lunsford's arrest and pretrial detention at the Davidson County Jail. *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion."); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12 (b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record . . . also may be taken into account." (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997))).

Lunsford was booked into the Davidson County Jail on September 18, 2018, after being arrested on charges of resisting arrest and assault. (Doc. No. 1); Ex. A, Mem. in Supp. of Mot. to Dismiss, *Lunsford v. City of Goodlettsville*, 3:19-cv-00082 (M.D. Tenn. Feb. 20, 2019), ECF 10-1. During booking, Lunsford's blood pressure registered as "extremely high" and he demanded to be taken to the hospital. (Doc. No. 1, PageID# 7.) Defendant Officer Corrice Thompson responded by telling Lunsford not to yell and threatening to put him in segregation. (*Id*.) Lunsford answered that he was merely expressing concern about his health. (*Id.*) Thompson pushed Lunsford against a wall and ordered him to remove his shoes. (*Id.*) As Lunsford was complying with that order, Defendant Officer Jorge Torres blindsided Lunsford, slamming him headfirst into the ground and kicking him in the eye. (*Id.*) While Lunsford was in handcuffs and leg irons and pinned down by Torres, Defendant Officer Scott Satterlee discharged pepper spray less than an inch from Lunsford's face, spraying Lunsford's eyes, nose, and mouth. (*Id.*) Lunsford was then placed in a

holding cell. (*Id.*) Lunsford alleges that Ramsey and Jones were involved in the assault, but he does not know what role they played. (Doc. No. 1.) Lunsford suffered a black eye, a deep bruise to his left eye socket, and chemical burns in his nose and mouth. (*Id.*)

### B. Procedural History

Lunsford filed this action pro se on January 15, 2019, asserting claims under 42 U.S.C. § 1983 for excessive use of force against the Davidson County Sheriff's Office and Davidson County Jail Officers Ramsey, Jones, Thompson, Torres, and Satterlee. (Doc. No. 1.) The Court granted Lunsford's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 5.) The Court dismissed Lunsford's claim against the Davidson County Sheriff's Office but found that he had stated colorable excessive force claims against the other defendants. (Doc. Nos. 4, 5.) On March 6, 2019, Satterlee, Thompson, and Torres answered the complaint (Doc. Nos. 7–9). Ramsey and Jones filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 10). Ramsey and Jones argue that Lunsford's vague allegation that they were involved in his assault is not enough to state a claim against them for excessive force and qualified immunity therefore shields them from liability. (Doc. Nos. 10, 11.) Lunsford responded in opposition to the defendants' motion to dismiss, briefly summarizing his complaint and alleging that the defendants, including "Jones and Ramsey[,] used force on [him]" that was "unnecessary[.]" (Doc. No. 23, PageID# 97.) In their reply, Ramsey and Jones argue that Lunsford's response, like his complaint, is "devoid of any factual allegations about any conduct that either Officer Ramsey or Officer Jones undertook that could have amounted to excessive force." (Doc. No. 26, PageID# 115.)

On April 17, 2019, Ramsey, Jones, and the other defendants filed a motion to stay discovery until the Court resolves the issue of qualified immunity that Ramsey and Jones raise in their motion to dismiss. (Doc. No. 21.) The Court granted that motion. (Doc. No. 29.)

## II. Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Lunsford proceeds pro se, the Court construes his filings "liberally" and holds his complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.     Analysis**

"To state a claim under 42 U.S.C. § 1983, [Lunsford] must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011) (quoting *Marvin v. City of Taylor,* 509 F.3d 234, 243 (6th Cir. 2007)). Here, the constitutional right at issue depends on Lunsford's status at the time of the alleged assault—if Lunsford was an arrestee, his excessive force claim stems from the Fourth Amendment's prohibition of unreasonable seizures; if Lunsford was a pretrial detainee, his claims implicate the Fourteenth Amendment's guarantee of due process. *Ondo v. City of Cleveland*, 795 F.3d 597, 610 & n.4 (6th Cir. 2015). Although the line between arrestee and pretrial detainee is somewhat blurry, the Sixth Circuit has instructed that "Fourth Amendment protections extend through police booking until the completion of a probable cause hearing." *Coley v. Lucas Cty.*, 799 F.3d 530, 537 (6th Cir. 2015). Lunsford alleges that he was assaulted as he was being booked into the Davidson County Jail. Regardless, whether Lunsford's claims arise under the Fourth or Fourteenth Amendment, the Court "employ[s] the same objective test for excessive force." *Clay v. Emmi*, 797 F.3d 364, 369 (6th Cir. 2015).

To state an excessive force claim under the Fourth or Fourteenth Amendment, Lunsford must allege "that the force purposely or knowingly used against him was objectively unreasonable." *Coley*, 799 F.3d at 538 (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). This is a "highly fact-dependent" inquiry that "must take into account the 'perspective of a reasonable office on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.'" *Id.* Considerations relevant to the inquiry include

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to

limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

Ramsey and Jones have invoked the affirmative defense of qualified immunity, which "'balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Richko v. Wayne Cty.*, 819 F.3d 907, 914 (6th Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). To strike that balance, qualified immunity protects government officials performing discretionary functions from liability unless their conduct violated a clearly established constitutional right. *Id.* Because the legal and factual basis of a plaintiff's claims may be unclear at the pleading stage, the defense of qualified immunity is typically resolved via a motion for summary judgment. *See Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 899 (6th Cir. 2019) ("[A]lthough an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." (alteration in original) (quoting *Osberry v. Slusher*, 750 F. App'x 385, 391 (6th Cir. 2018))); *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017) (explaining that, "at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify").

When a qualified immunity defense is raised at the pleading stage, the Court asks "'whether, reading the complaint in the light most favorable to [Lunsford], it is plausible that [Ramsey's or Jones's] acts violated [Lunsford's] clearly established constitutional right.'" *Cahoo*, 912 F.3d at 899 (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)). That inquiry consists of two questions: (1) whether Lunsford's favorably construed allegations give rise to a constitutional violation; and (2) whether the right implicated by that violation was

6

clearly established at the time of the incident. *See Coley*, 799 F.3d at 537 (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir.2013)). As to the first question, it is well established "'that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" *Cahoo*, 912 F.3d at 899 (emphasis in original) (quoting *Heyne*, 655 F.3d at 564). Accordingly, at the first step, the Court "must analyze separately whether [Lunsford] has stated a plausible constitutional violation by each individual defendant, and [the Court] cannot ascribe the acts of all [defendants] to each individual defendant." *Heyne*, 655 F.3d at 564. The Court can address the two parts of the qualified immunity inquiry in either order and, if the answer at either part is no, the defendant is entitled to qualified immunity. *Cahoo*, 912 F.3d at 897.

Lunsford has not stated an excessive force claim against Ramsey or Jones. Lunsford's complaint contains no allegations that are specific to either defendant and instead concedes that Lunsford is not aware of what role they played in his assault. (Doc. No. 1.) Lunsford's response in opposition to the motion to dismiss provides no relevant clarity, alleging only that Ramsey and Jones, along with the other defendants, "used . . . force on [Lunsford]" that was unnecessary. (Doc. No. 23, PageID# 97.) Even when those allegations are liberally construed, they do not provide sufficient factual context to render plausible Lunsford's claim that Ramsey and Jones used excessive force against him. *See Engle v. City of Cuyahoga Falls*, No. 5:14-cv-1161, 2015 WL 3852143, at *10 (N.D. Ohio June 22, 2015) (finding that pro se plaintiff's allegation that the force used against him was "excessive and unreasonable" failed to state a claim where it was not supported by any "allegations regarding the force that was actually used"); *Fleming v. Cty. of Wayne (Dist. Att'y)*, No. 05-CV-70617, 2005 WL 1028170, at *3 n.2 (E.D. Mich. Apr. 25, 2005) (concluding that pro se plaintiff's allegation "that the police used excessive force when arresting

him" was not enough to state a claim where it was "not supported . . . with any facts"). Further, the Court cannot attribute to Ramsey and Jones the actions of the other defendants, which Lunsford describes in greater detail. *See Heyne*, 655 F.3d at 564; *Saunders v. Valverde*, No. 2:12-cv-238, 2012 WL 4848892, at *3 (S.D. Ohio Oct. 11, 2012) (granting defendants' 12(b)(6) motion where plaintiff failed to adequately plead their individual involvement in excessive-force incident and instead alleged generally that "defendants" had grabbed him and pushed his head through a window); *cf. Cahoo*, 912 F.3d at 900–01 (denying motion to dismiss on qualified immunity grounds where plaintiff had adequately "alleged specific conduct by each Individual Agency Defendant").

Because Lunsford has failed to plead an excessive force claim against Ramsey and Jones, they are entitled to qualified immunity and their motion to dismiss should be granted.

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Ramsey and Jones's motion to dismiss (Doc. No. 10) be GRANTED and that discovery in this action be unstayed.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of December, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge